United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

TRUNG QUANG PHAN

Petitioner,

vs.

MATHEW CATE, Warden,

Respondent.
_______________________________/

No. C 11-5286 PJH (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

This is a habeas case filed pro se by a state prisoner. It was dismissed when petitioner failed to pay the filing fee or provide a proper in forma pauperis application. Petitioner's motion to reconsider was granted and the case reopened when he subsequently provided the application and an explanation for the delay.

The court noted in the order reopening the case that it appeared the petition might not be timely, because it appeared from the allegations in the petition that direct review of the conviction was completed in 2004 and that petitioner had not filed any other actions directed to it that might have tolled the limitations period. Petitioner was ordered to show cause why the petition should not be dismissed as untimely.

Petitioner has responded to the order to show cause.

## DISCUSSION

### I. Timeliness

Petitioner concedes in his response to the order to show cause that the petition is late, but contends that he is entitled to equitable tolling. The response is missing page four, but the portions that are present are sufficient to allow the court to determine that the petition should not be dismissed at this point in the case.

The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner says that he cannot read or write either English or Vietnamese, and has "poor" spoken English. He had a translator at trial and on appeal. He asserts, in the verified response, that he sought help from other inmates, but the lack of inmates who spoke both Vietnamese and English made it impossible to obtain help "until his English improved a little." The CDCR does not provide Vietnamese translation assistance. He says that none of the inmates from whom he sought assistance "could both understand him and provide the necessary help" until he found his present assistant.

In *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006), a magistrate judge issued an order for the petitioner to show cause why his petition should not be dismissed as untimely, as this court did here. *See id.* at 1067. The petitioner there responded that he spoke Spanish, there were no Spanish language law books in the law library, and only English-speaking clerks in the library. *Id.* The magistrate judge recommended that the petition be dismissed as untimely and the district court accepted the recommendation. *Id.* at 1068. The Ninth Circuit held that Mendoza's allegations that "he lack[ed] English language ability, was denied access to Spanish-language legal materials, and could not procure the assistance of a translator during the running of the AEDPA limitations period" was sufficient to allege "facts that, if true, may entitle him to equitable tolling." *Id.* at 1071. The court reversed and remanded for "development of the record." *Id.*

In light of the similarities of *Mendoza* to this case, the court will not resolve the timeliness issue without hearing from respondent and without further development of the record. The order to show cause is discharged.

///

United States District Court
For the Northern District of California

The petition now will be reviewed to determine if any order to show cause why it should not be granted should issue; respondent may, of course, raise the timeliness issue in response if he chooses.

## II. Review of Petition

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must “specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground.” Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. “‘[N]otice’ pleading is not sufficient, for the petition is expected to state facts that point to a ‘real possibility of constitutional error.’” Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). “Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal.” *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B. Legal Claims

Petitioner was convicted of three counts of aggravated sexual assault and six counts of lewd conduct, all involving a girl under the age of fourteen. *See* Cal. Penal Code §§ 269, 261(a)(2), 288a, 289(a)(1), 288(a). *People v. Phan*, 2004 WL 1175334 at *1 (2004). He was sentenced to three consecutive terms of fifteen years to life for the three aggravated sexual assaults and one consecutive and five concurrent terms of six years for the six counts of lewd conduct. *Id.* At trial, the court allowed two police officers to testify to the content of interviews they had with the victim, and admitted a videotape of the second interview. *Id.* at *1-2. The victim was a witness at trial, but said she was able to recall only

"a little" of the content of the interviews. *Id.* at *5. Defense counsel did not go on to ask her what she remembered. *Id.*

As grounds for federal habeas relief, petitioner asserts that: (1) his Confrontation Clause rights as determined in *Crawford v. Washington*, 541 U.S. 36 (2004), were violated by admission of the officers' testimony; and (2) his Confrontation Clause rights were violated by admission of the video of the second interview. These claims are sufficient to require a response.

**CONCLUSION**

1. Because the court has discharged the order to show cause, plaintiff's motion to show cause (docket # 10), which is any case actually is his opposition, is **DENIED** as moot.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

within fourteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: September 7, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.11\PHAN5286.osc-R.wpd