United States District Court
For the Northern District of California

1

2

3 UNITED STATES DISTRICT COURT

4 NORTHERN DISTRICT OF CALIFORNIA

5 OAKLAND DIVISION

6

7 TRUNG QUANG PHAN,

8                 Petitioner,            No. C 11-5286 PJH (PR)

9    vs.                         **ORDER GRANTING**
**RESPONDENT'S MOTION TO**
10 MATHEW CATE, Warden,        **DISMISS AND GRANTING**
**CERTIFICATE OF**
11                Respondent.      **APPEALABILITY**
                                             /

12

13         This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254.

14 Petitioner was originally ordered to show cause why this petition should not be dismissed

15 as untimely as it appeared to have been filed nearly six years after the expiration of the

16 statute of limitations. Petitioner stated that he was unable to file a timely petition because

17 he only speaks Vietnamese and did not have access to any translators or anyone to aid

18 him in preparing a petition until now. The court served the petition on respondent to further

19 develop the record. Respondent has filed a motion to dismiss on the grounds that the

20 petition is barred by the statute of limitations. Petitioner has filed an opposition and

21 respondent has replied. The motion will be granted for the reasons set out below.

22                                      **DISCUSSION**

23     **Statute of Limitations**

24         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

25 became law on April 24, 1996, imposed for the first time a statute of limitations on petitions

26 for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging

27 non-capital state convictions or sentences must be filed within one year of the latest of the

28 date on which: (A) the judgment became final after the conclusion of direct review or the

**United States District Court**

For the Northern District of California

1  time passed for seeking direct review; (B) an impediment to filing an application created by

2  unconstitutional state action was removed, if such action prevented petitioner from filing;

3  (C) the constitutional right asserted was recognized by the Supreme Court, if the right was

4  newly recognized by the Supreme Court and made retroactive to cases on collateral

5  review; or (D) the factual predicate of the claim could have been discovered through the

6  exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed

7  application for state post-conviction or other collateral review is pending is excluded from

8  the one-year time limit. *Id.* § 2244(d)(2). The one-year period generally will run from "the

9  date on which the judgment became final by the conclusion of direct review or the

10  expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

11      The one-year period may start running from "the expiration of the time for seeking

12  [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which

13  a petitioner can file a petition for a writ of certiorari from the United States Supreme Court,

14  whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157,

15  1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the

16  United States Supreme Court, the AEDPA's one-year limitations period begins to run on the

17  date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v.*

18  *Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for

19  certiorari, his conviction became final 90 days after the California Supreme Court denied

20  review); *Bowen*, 188 F.3d at 1159 (same).

21      Here, Petitioner had ninety days from August 11, 2004, when the state high court

22  denied review (Motion to Dismiss (MTD), Ex. 2), to file a petition for a writ of certiorari with

23  the Supreme Court. *See Bowen*, 188 F.3d at 1159. He did not. Thus, petitioner's one year

24  limitations period began to run on November 9, 2004, and expired on November 9, 2005.

25  See 28 U.S.C. § 2244(d)(1). Petitioner filed no state habeas petitions and this federal

26  petition was not filed until October 21, 2011, and is therefore untimely absent tolling.

27  Petitioner argues that while he was aware of the expiration of the statute of limitations, he is

28  entitled to equitable tolling pursuant to *Mendoza v. Carey,* 449 F.3d 1065 (9th Cir. 2006), in

2

**United States District Court**
For the Northern District of California

1  that he is Vietnamese and cannot read or write either English or Vietnamese, and has

2  "poor" spoken English.

3        **Equitable Tolling**

4        AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate

5  circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled

6  to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and

7  (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*

8  at 2562 (internal quotation and citation omitted); accord *Miles v. Prunty*, 187 F.3d 1104,

9  1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence,

10  account for the failure to file a timely claim, equitable tolling of the statute of limitations may

11  be appropriate."). The diligence required to establish entitlement to equitable tolling is

12  "reasonable diligence." *Holland*, 130 S. Ct. at 2565.

13        Petitioner bears the burden of showing "extraordinary circumstances were the cause

14  of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation

15  and citation omitted). Where a petitioner fails to show "any causal connection" between the

16  grounds upon which he asserts a right to equitable tolling and his inability to timely file a

17  federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*,

18  417 F.3d 1030, 1034–35 (9th Cir. 2005). Further, such Petitioner must show "his

19  untimeliness was caused by an external impediment and not by his own lack of diligence."

20  *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v.*

21  *Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

22        In *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006), a magistrate judge issued an

23  order for the petitioner to show cause why his petition should not be dismissed as untimely.

24  *See id.* at 1067. The petitioner there responded that he spoke Spanish, there were no

25  Spanish language law books in the law library, and only English-speaking clerks in the

26  library. *Id.* The magistrate judge recommended that the petition be dismissed as untimely

27  and the district court accepted the recommendation. *Id.* at 1068. The Ninth Circuit held

28  that Mendoza's allegations that "he lack[ed] English language ability, was denied access to

**United States District Court**

For the Northern District of California

1  Spanish-language legal materials, and could not procure the assistance of a translator

2  during the running of the AEDPA limitations period" was sufficient to allege "facts that, if

3  true, may entitle him to equitable tolling." *Id.* at 1071.  The court reversed and remanded

4  for "development of the record." *Id.*  Though, the Ninth Circuit was clear in stating "we

5  conclude that a non-English-speaking petitioner seeking equitable tolling must, at a

6  minimum, demonstrate that during the running of the AEDPA time limitation, he was

7  unable, despite diligent efforts, to procure either legal materials in his own language or

8  translation assistance from an inmate, library personnel, or other source." *Id.* at 1070.

9          Here, petitioner contends that he speaks almost no English and very little Spanish.

10  He states he was born in Vietnam and lived in a Vietnamese community in the Bay Area his

11  entire life, but is not educated or intelligent.  Petitioner has also supplied a declaration from

12  another inmate who states that petitioner is minimally competent in English and there are

13  very few other Vietnamese speakers at their facility, and they only speak a little

14  Vietnamese.  For purposes of this motion the court will assume petitioner's statement are

15  accurate and he has very little command of English, and Vietnamese speakers are rare or

16  non-existent at his facility.

17          However, to warrant equitable tolling petitioner must also demonstrate diligence in

18  attempting to file his petition or obtain assistance. *See Mendoza* at 1070.  The statute of

19  limitations expired on November 9, 2005.  Petitioner includes a letter he wrote to the

20  Northern California Innocence Project in 2005 where he requested and received his state

21  appellate filings.  While this could perhaps show diligence in 2005, this federal petition was

22  not filed until 2011.  Petitioner describes no other specific actions he took over the next six

23  years, instead stating that he sought help, but provides no details.  This is insufficient to

24  warrant equitable tolling for such a long period of time.  Moreover, the letter to the

25  California Innocence Project in 2005 demonstrates that petitioner did have at least some

26  ability to seek help but there is no indication of other letters sent to other legal organizations

27  or for translation assistance.  Based on the bare record set forth by petitioner and the lack

28  of diligence in seeking assistance, both during or even after the AEDPA statute of

**United States District Court**

For the Northern District of California

1 │ limitations, he is not entitled to equitable tolling and this petition is untimely.

2 │ **CONCLUSION**

3 │ Respondent's motion to dismiss (Docket No. 14) is **GRANTED** as discussed above.

4 │ The petition is **DISMISSED**. The clerk shall close the file.

5 │ **APPEALABILITY**

6 │ The federal rules governing habeas cases brought by state prisoners require a

7 │ district court that enters a final order adverse to the petitioner to grant or deny a certificate

8 │ of appealability in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C.

9 │ foll. § 2254.

10 │ A petitioner may not appeal a final order in a federal habeas corpus proceeding

11 │ without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App.

12 │ P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural

13 │ question antecedent to the merits, for instance a dismissal on statute of limitations grounds,

14 │ as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

15 │ "Determining whether a COA should issue where the petition was dismissed on

16 │ procedural grounds has two components, one directed at the underlying constitutional

17 │ claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the

18 │ district court denies a habeas petition on procedural grounds without reaching the

19 │ prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

20 │ least, that jurists of reason would find it debatable whether the petition states a valid claim

21 │ of the denial of a constitutional right and that jurists of reason would find it debatable

22 │ whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these

23 │ components is a "threshold inquiry," the federal court "may find that it can dispose of the

24 │ application in a fair and prompt manner if it proceeds first to resolve the issue whose

25 │ answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court

26 │ jurisprudence "allows and encourages" federal courts to first resolve the procedural issue,

27 │ as was done here. *See id.*

28 │ ///

1    Here, the court concludes that reasonable jurists could find it debatable whether

2  petitioner could be entitled to equitable tolling.  The court therefore GRANTS a COA as to

3  the issue of petitioner's lack of English language ability and inability to procure the

4  assistance of a translator.

5    Accordingly, the clerk shall forward the file, including a copy of this order, to the

6  Court of Appeals.  *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270

7  (9th Cir. 1997).

8    **IT IS SO ORDERED.**

9  Dated:  April 22, 2013.

10                                             PHYLLIS J. HAMILTON
                                               United States District Judge

11

12

13  G:\PRO-SE\PJH\HC.11\Phan5286.mtd.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

6